PER CURIAM.
The appellants seek review of a final judgment entered in favor of appellee upon its complaint for declaratory relief.
A full recitation of the factual situation involved here would not be productive because it is somewhat unique. Suffice to say that appellant Haft-Gaines Company, the developer of a large condominium complex, prepared documentation, including purchase contracts and the declaration of condominium, which provided that the unit owners in a condominium building known as R-40 would have memberships and privileges in a Racquet Club different in kind from the Racquet Club membership available to others. After the condominium units in R-40 were sold difficulties arose between the developer and some of the unit owners which led the developer, through its Vice-President, to change the membership requirements contemplated in the original documentation. The trial judge held that the developer was bound by the changes and therefore:
1. No owners in the R40 Building, or their successors, would have to pay initia *1181 tion fe.es in order to become members of the Inverrary Racquet Club;
2. No owners in the R40 Building would have to pay dues to the Inverrary Racquet Club in order to use the pool at the Racquet Club, provided, however, that these owners could not use the locker room or any other club facilities;
3. That by virtue of the representations made to owners in R40 at the time that they purchased and because of the documentation, the owners in R40 were entitled to a discount in their Racquet Club dues, which discount was set at the time to be 20%.
We have carefully considered the extensive findings and conclusions set out in the final judgment and it appears to us that the result reached is just and fair under the peculiar circumstances of this case. It is especially noteworthy that the predicament here was created by the appellant/developer so that any hardship incurred by appellant from the trial judge’s resolution of the issues is self imposed.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
LETTS, C. J., DOWNEY and HURLEY, JJ., concur.